### DAVIS et al. v. UNITED STATES.

### No. 3138.

Circuit Court of Appeals, Fourth Circuit.

April 18, 1931.

Kenneth J. Kindley and Marvin L. Ritch, both of Charlotte, N. C., for appellants.

Frank C. Patton, Asst. U. S. Atty., of Morganton, N. C., and Charles A. Jonas, U. S. Atty., of Lincolnton, N. C. (Thomas A. McCoy, Asst. U. S. Atty., of Asheville, N. C., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM.

W. W. Davis and George Ferguson were indicted and convicted in the court below of violations of the National Prohibition Act (27 USCA); and from sentences of imprisonment thereupon imposed, they have appealed. The principal question presented by their assignments of error relates to the action of the court in sustaining a demurrer to their plea in abatement, which alleged that seven of the jurors who joined in returning the bill of indictment had not paid their taxes for the preceding year.

It is provided by statute that jurors in a federal court shall have the same qualification as jurors in the highest courts of law of the state in which such federal court is held. Judicial Code, § 275, 28 USCA § 411. The North Carolina statutes applicable are sections 2312 and 2335 of the Consolidated Statutes. Section 2312 provides: "The board of county commissioners for the several counties at their regular meeting on the first Monday in June, in the year nineteen hundred five, and every two years thereafter, shall cause their clerks to lay before them the tax returns of the preceding year for their county, from which they shall proceed to select the names of all such persons as have paid all the taxes assessed against them for the preceding year and are of good moral character and of sufficient intelligence. A list of the names thus selected shall be made

out by the clerk of the board of commissioners and shall constitute the jury list, and shall be preserved as such."

Section 2335 provides: "All exceptions to grand jurors for and on account of their disqualifications shall be taken before the jury is sworn and impaneled to try the issue, by motion to quash the indictment, and if not so taken, the same shall be deemed to be waived. But no indictment shall be quashed, nor shall judgment thereon be arrested, by reason of the fact that any member of the grand jury finding such bills of indictment had not paid his taxes for the preceding year, or was a party to any suit pending and at issue."

It is contended by appellants that section 2312 prescribes the qualifications of jurors and that section 2335 merely lays down rules of practice for the courts of the state which have no application to proceedings in the federal courts. We think, however, that this gives too narrow a construction to the latter section. Its passage, immediately following the decision of this court in Breese v. U. S., 143 F. 250, was evidently for the purpose of removing the disqualification of grand jurors, based upon failure to pay taxes for the preceding year, in cases where they actually serve upon the grand jury and pass upon bills of indictment; and there is no reason why it should not be given this interpretation. To adopt the interpretation urged by appellants would lead to the absurd result that upon identical facts a bill of indictment would be good in the state court and bad in the federal court, notwithstanding that the federal statute has adopted the standard prescribed by the state as to the qualification of jurors.

The exceptions relating to the sufficiency of the indictment and the admission of testimony are without substantial merit, and need not be discussed.

There was no error, and the judgment of the court below will be affirmed.

Affirmed.